TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
ZAKARIYA K. VARSHOVI[1]
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3994
    Facsimile: (213) 894-7819
    E-mail: Zakariya.Varshovi@usdoj.gov

Attorneys for *Amicus Curiae*
United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE SAWICKY,<br><br>    PLAINTIFF,<br><br>v.<br><br>TAO SYKES, ET AL.<br><br>    DEFENDANTS. | Case No. 2:21-cv-9023-DMG<br><br>Honorable Dolly M. Gee |

1. EX PARTE APPLICATION BY THE UNITED STATES OF AMERICA FOR AN ORDER PERMITTING IT TO APPEAR AS *AMICUS CURIAE* AND EXTENDING TIME TO RESPOND TO COMPLAINT;

2. MEMORANDUM OF POINTS AND AUTHORITIES;

3. DECLARATION OF ZAKARIYA K. VARSHOVI; AND

4. [PROPOSED] ORDER (filed concurrently).

---

[1] Admitted to practice under Local Rule 83-2.1.4.1. *See* Order, In Re Application Of Zakariya K. Varshovi For Admission Pursuant To Local Rule 8-2.1.4.1, C.D. Cal. No. 2:22-cm-00014-PSG (Feb. 2, 2022).

# EX PARTE APPLICATION

The United States of America respectfully applies ex parte for an order permitting it to appear in this action as *amicus curiae* to defend its interest in the federal judiciary's independence. Absolute and quasi-judicial immunity forecloses Plaintiff's action against Defendants Circuit Judge Paul J. Watford, Chief Judge Philip S. Gutierrez, District Judge Percy Anderson, Judge Manuel L. Real's widow Tao Sykes,[2] Clerk Michael Duggan, and Civil Intake Clerk Renico Smith (collectively, "Judiciary Defendants"). The United States further seeks an extension of time for Judiciary Defendants to respond to Plaintiff's Complaint until the Court can consider the United States' *amicus* brief.

Good cause exists to grant this application. Plaintiff previously filed suit in the U.S. District Court for the Central District of California asserting copyright infringement, among other claims. *See Christine Sawicky v. AMC Networks Inc.*, No. 2:18-cv-114-PA-MRW. Plaintiff exhausted every available avenue for judicial relief. But Plaintiff now sues Judiciary Defendants for actions they took in their official capacity during her prior suit. Thus, absolute and quasi-judicial immunity bar her claims, deny her the monetary and injunctive relief she seeks, and render her Complaint legally frivolous. As a result, the United States maintains that Plaintiff's claims against Judiciary Defendants should be dismissed with prejudice as amendment would be futile.

On February 3, 2022, in accordance with Local Rule 7-19.1, government counsel provided notice to counsel for all other parties who have appeared,[3] orally advising the date and substance of the proposed ex parte application. Declaration of Zakariya K. Varshovi. Counsel of record for Defendants Josh Sapan, Kim D. Ashley, Kevin Lussier, Gabrielle Taylor, Richard Parks, Charles Schlund, Michael Soliman, Arturo Sandoval, Michael Ventura, Barbara Solomon, Craig Mende, and Sean F. Harb stated they do not

---

[2] Judge Real's term of service ended on June 26, 2019, due to his death. Judge Real's widow, Tao Real, is named as a defendant as the estate beneficiary, by her maiden name.

[3] Defendants U.S. Postmaster General Louis DeJoy and former U.S. Postmaster General Megan Brennan have not yet appeared. The United States Attorney's Office will be filing a Motion to Dismiss them from the action.

oppose the application. *Id*.

On February 4, 2020, government counsel contacted pro se Plaintiff Christine Sawicky at the phone number listed on the Complaint and informed her that the United States intended to file this application, explaining the reasons for seeking an ex parte order, and points and authorities in support thereof. *Id*. Plaintiff opposes this ex parte application. *Id*. Government counsel also explained that the ex parte application and accompanying documents would be served via e-mail to Plaintiff and that she would have the opportunity to file an opposition. *Id*. The ex parte application and accompanying documents are also being emailed to Plaintiff at the e-mail address (christinesawickyartist@gmail.com) listed on the Complaint and served via first class mail to the address (11698 Knowles Avenue, NW, Glenbush Circle, Annandale, MN 55302) listed on Plaintiff's Complaint. *Id*.

In support of its ex parte application, the United States respectfully submits the following memorandum of points and authorities and proposed order.

Dated: February 4, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

   /s/ *Zakariya K. Varshovi*
ZAKARIYA K. VARSHOVI
Assistant United States Attorney

Attorneys for *Amicus Curiae*
United States of America

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

Plaintiff's Complaint follows on the heels of this Court's denial of her motion to vacate from her prior lawsuit. In that prior suit, on January 5, 2018, Plaintiff sued AMC Networks Inc. ("AMC") asserting copyright infringement, among other claims. *See Sawicky v. AMC Networks Inc.*, No. 2:18-cv-114-PA-MRW (ECF #1). U.S. District Judge Manuel L. Real was randomly assigned. On May 11, 2018, AMC moved for judgment on the pleadings. (EFC #33). Granting AMC's motion on July 11, 2018, the Court concluded Plaintiff's copyright infringement claim failed, as did her other claims. (ECF #57). Plaintiff appealed. (ECF #59).

On February 21, 2019, the Ninth Circuit unanimously affirmed Judge Real's Order, holding that Plaintiff's claims were properly dismissed. (ECF #64). Circuit Judge Paul J. Watford sat on the panel. Subsequently, the Ninth Circuit denied Plaintiff's Petitions for Rehearing and for Rehearing En Banc. (ECF #103). On November 12, 2019, Plaintiff filed a Petition for a Writ of Certiorari, which the Supreme Court denied. Plaintiff then filed a Request for Rehearing, which the Supreme Court denied on January 13, 2020. *Id.* On February 2, 2021, Plaintiff moved to vacate the Court's Order granting AMC's motion for judgment on the pleadings and the Ninth Circuit's Order affirming the same. (ECF #71). U.S. District Judge Percy Anderson was randomly assigned.

Plaintiff claimed then, as she alleges now, that Judge Real and Judge Watford committed fraud. *Id.* Plaintiff also claimed then, as she also alleges now, that her suit fell victim to mail-related difficulties, Judge Real's purported conflicts of interest in unrelated cases, and her antagonistic interactions with court staff. *Id.* On March 16, 2021, the Court denied Plaintiff's motion, holding "any appeal from this Order is not taken in good faith under 28 U.S.C. § 1915(a) and is frivolous, without merit and does not present a substantial question within the meaning of 28 U.S.C. § 753(f)." (ECF #103).

On November 17, 2021, Plaintiff filed this Complaint. (ECF #1). Spanning 300 pages and 636 allegations, Plaintiff alleges that the "Good Ole Boys Enterprise"—a

1

conspiracy including Judge Real, Judge Watford, Judge Anderson, Clerk Michael Duggan, and Civil Intake Clerk Renico Smith, among others—orchestrated her previous lawsuit's demise at every level of the federal judiciary. Compl. ¶ 18. Though now purportedly in furtherance of her allegations of a conspiracy, Plaintiff's Complaint is merely a redux of her motion to vacate. *E.g., compare* (ECF #71, at 13:11-13:24), *with* Compl. ¶¶ 548, 549, 554. Only now, Plaintiff alleges that Judge Anderson, Chief Judge Gutierrez, and Clerk Smith also coordinated these events.

Circuit Judge Watford, Chief Judge Gutierrez, District Judge Anderson, Judge Real's widow Tao Sykes, Clerk Duggan, and Clerk Smith (collectively, "Judiciary Defendants") are named defendants. Plaintiff claims the above acts constituted conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and asserts two such claims against Judiciary Defendants. Separately, Plaintiff brings claims founded upon the same conduct against Chief Judge Gutierrez, Judge Anderson, and Clerk Smith under 42 U.S.C. § 1983 and for fraudulent deceit and common law fraud, and negligent hiring and supervision against Chief Judge Gutierrez. Ultimately, Plaintiff seeks monetary and injunctive relief.

## II.   EX PARTE RELIEF REQUESTED

Because Plaintiff filed suit against Judiciary Defendants based on their official actions, the doctrines of judicial immunity and quasi-judicial immunity bar her claims. The United States has a significant interest in asserting the doctrines of judicial immunity and quasi-judicial immunity in this case to protect the independence of the federal judiciary. Federal law permits "any officer of the Department of Justice . . . to attend to the interests of the United States in a suit pending in a court of the United States." 28 U.S.C. § 517. By this application, the United States requests permission to serve as *amicus curiae* to assert its interests in protecting the independence of the federal judiciary and minimizing the disruptive impact of actions such as this one.

Members of the federal judiciary are often targets of lawsuits by litigants dissatisfied with adverse rulings. The potential consequences of such lawsuits are

significant, as these suits "engender[] unnecessary confusion and a multiplicity of litigation." *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1394 (9th Cir. 1987). The doctrine of judicial immunity protects judicial independence by "insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988). "[T]he doctrine of judicial immunity is thought to be in the best interests of 'the proper administration of justice'" because it allows judicial officers to "'act upon [their] own convictions, without apprehension of personal consequences.'" *Stump v. Sparkman*, 435 U.S. 349, 363 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

Additionally, the United States has an interest in preventing this case from interfering with the efficient administration of justice. Allowing the United States to serve as *amicus* would prevent the Judiciary Defendants from diverting their time and attention from the administration of cases to consider whether to recuse themselves in other cases, retain counsel, and suffer under the continued threat of suit. For these reasons, the United States requests to appear in this action as *amicus curiae*.

The United States' proposed *amicus* brief is attached to the accompanying declaration of Assistant United States Attorney Zakariya K. Varshovi as **Exhibit 1**. To further minimize the unwarranted burden of this suit, the United States requests that this Court extend the time for any response by Judiciary Defendants to the Complaint until after the Court can consider this ex parte application and, if this ex parte application is granted, the United States' *amicus* brief.

**III.   CONCLUSION**

The United States respectfully requests that the Court grant this ex parte application and allow it to serve as *amicus curiae*. Additionally, the United States requests that the Court extend the time for any response by Judiciary Defendants to Plaintiff's Complaint until after this Court has considered the United States' *amicus* brief.

| | |
|---|---|
| Dated: February 4, 2022 | Respectfully submitted, |
| | TRACY L. WILKISON<br>Acting United States Attorney<br>DAVID M. HARRIS<br>Assistant United States Attorney<br>Chief, Civil Division<br>JOANNE S. OSINOFF<br>Assistant United States Attorney<br>Chief, General Civil Section |
| |    /s/ *Zakariya K. Varshovi*<br>ZAKARIYA K. VARSHOVI<br>Assistant United States Attorney |
| | Attorneys for *Amicus Curiae*<br>United States of America |

## **DECLARATION OF ZAKARIYA K. VARSHOVI**

I, Zakariya K. Varshovi, do hereby declare and state as follows:

1. I am an Assistant United States Attorney for the United States Attorney's Office for the Central District of California. I have been assigned the primary responsibility for representing the United States in this action.

2. The facts set forth in the attached application and memorandum are true and correct based either upon my personal knowledge or my review of official court records.

3. On February 4, 2020, I contacted pro se Plaintiff Christine Sawicky at the phone number listed on the Complaint and informed her that the United States intended to file this application, explaining the reasons for seeking an ex parte order, and points and authorities in support thereof. Plaintiff stated that she opposes this application. I also explained to Plaintiff that the ex parte application and accompanying documents would be served via e-mail to her and that she would have the opportunity to file an opposition. The ex parte application and accompanying documents are being emailed to Plaintiff at the e-mail address (christinesawickyartist@gmail.com) listed on the Complaint and served via first class mail to the address listed on Plaintiff's Complaint (11698 Knowles Avenue, NW, Glenbush Circle, Annandale, MN 55302).

4. On February 3, 2022, in accordance with Local Rule 7-19.1, I provided notice to counsel for all other parties who have appeared, orally advising the date and substance of the proposed ex parte application. Counsel of record for Defendants Josh Sapan, Kim D. Ashley, Kevin Lussier, Gabrielle Taylor, Richard Parks, Charles Schlund, Michael Soliman, Arturo Sandoval, Michael Ventura, Barbara Solomon, Craig Mende, and Sean F. Harb stated they do not oppose the application.

5. The contact information of Plaintiff proceeding pro se is as follows:

Name: Christine Sawicky

Phone Number: (818) 288-3693

Address: 11698 Knowles Avenue NW, Annandale, MN 55302

Email: christinesawickyartist@gmail.com

6. Attached as Exhibit 1 is a true and correct copy of the United States' *amicus* brief, which the United States requests to file in this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of February 2022, at Los Angeles, California.

                                        /s/ *Zakariya K. Varshovi*
                                        ZAKARIYA K. VARSHOVI