```
 1  TRACY L. WILKISON
    United States Attorney
 2  DAVID M. HARRIS
    Assistant United States Attorney
 3  Chief, Civil Division
    JOANNE S. OSINOFF
 4  Assistant United States Attorney
    Chief, General Civil Section
 5  ZAKARIYA K. VARSHOVI[1]
    Assistant United States Attorney
 6       Federal Building, Suite 7516
         300 North Los Angeles Street
 7       Los Angeles, California 90012
         Telephone: (213) 894-3994
 8       Facsimile: (213) 894-7819
         E-mail: Zakariya.Varshovi@usdoj.gov
 9
    Attorneys for Amicus Curiae
10  United States of America
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE SAWICKY,<br><br>　　　　PLAINTIFF,<br><br>　　　　v.<br><br>TAO SYKES, ET AL.<br><br>　　　　DEFENDANTS. | Case No. 2:21-cv-9023-DMG<br><br>Honorable Dolly M. Gee |

1. *AMICUS CURIAE* UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION IN SUPPORT OF DISMISSAL OF PLAINTIFF'S ACTION AGAINST JUDICIARY DEFENDANTS;

2. MEMORANDUM OF POINTS AND AUTHORITIES; AND

3. [PROPOSED] ORDER (filed concurrently).

---

[1] Admitted to practice under Local Rule 83-2.1.4.1. *See* Order, In Re Application Of Zakariya K. Varshovi For Admission Pursuant To Local Rule 8-2.1.4.1, C.D. Cal. No. 2:22-cm-00014-PSG (February 2, 2022).

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on [DATE], at 1:30 p.m., or as soon thereafter as the parties may be heard, the United States of America, as *Amicus Curiae*, will, and hereby does, submit this motion in support of dismissal on the ground that Plaintiff's action against Circuit Judge Paul J. Watford, Chief Judge Philip S. Gutierrez, District Judge Percy Anderson, Judge Manuel L. Real's widow Tao Sykes,[2] Clerk Michael Duggan, and Civil Intake Clerk Renico Smith (collectively, "Judiciary Defendants") are barred by the doctrines of judicial immunity and quasi-judicial immunity. The hearing will take place before the Honorable Dolly M. Gee, United States District Court Judge, in her courtroom located at First Street Courthouse located 350 West 1st Street, Courtroom 8C, Los Angeles, California 90012.

This motion is made in accordance with this Court's Order permitting the United States to appear as *Amicus Curiae* in this action (Order (Dkt. No. __) at __.) and following the conference of counsel pursuant to Local Rule 7-3 which took place on [date].

This motion is brought under Fed. R. Civ. P. 12(b)(1) and (6) because the doctrines of judicial immunity and quasi-judicial immunity render her claims legally frivolous and deprive this Court of subject matter jurisdiction. This motion is also brought under Fed. R. Civ. P. 12(b)(6) because the Complaint fails to state claims against Judiciary Defendants and should be dismissed for failure to comply with Fed. R. Civ. P. 8 and Fed. R. Civ. P. 9(b). No amount of repleading could cure the bars to relief; thus, Judiciary Defendants request dismissal with prejudice.

This motion is based on the notice, attached memorandum of points and authorities, and the files and records in this case. A proposed order is respectfully submitted for the Court's convenience.

---

[2] Judge Real's term of service ended on June 26, 2019, due to his death. Judge Real's widow, Tao Real, is named as a defendant as the estate beneficiary, by her maiden name.

| | | |
|---|---|---|
| 1 | Dated: February 4, 2022 | Respectfully submitted, |
| 2 | | TRACY L. WILKISON<br>Acting United States Attorney |
| 3 | | DAVID M. HARRIS |
| 4 | | Assistant United States Attorney<br>Chief, Civil Division<br>JOANNE S. OSINOFF |
| 5 | | Assistant United States Attorney<br>Chief, General Civil Section |
| 7 | |    /s/ *Zakariya K. Varshovi* |
| 8 | | ZAKARIYA K. VARSHOVI<br>Assistant United States Attorney |
| 9 | | Attorneys for *Amicus Curiae*<br>United States of America |

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In order to protect judicial independence, the judiciary enjoys sweeping immunity from liability for their official acts. This immunity allows for the performance of civic duties without fear of reprisal from disgruntled litigants. Absolute and quasi-judicial immunity forecloses Plaintiff's claims rendering them legally frivolous and warranting their dismissal for lack of subject matter jurisdiction. For the same reason, Plaintiff's Complaint fails to state a claim and to plead with particularity any fraudulent conduct under Rule 9(b). But even in the absence of judicial and quasi-judicial immunity, Plaintiff's 300-page Complaint fails to comply with Rule 8. Accordingly, the United States respectfully requests that this Court dismiss Plaintiff's action against Judiciary Defendants with prejudice.

### II. FACTUAL AND PROCEDURAL BACKGROUND

#### A. Plaintiff's Prior Lawsuit.

Plaintiff's prior lawsuit betrays her Complaint's underpinnings. On January 5, 2018, Plaintiff sued AMC Networks Inc. ("AMC") asserting copyright infringement, among other claims. *See Sawicky v. AMC Networks Inc.*, No. 2:18-cv-114-PA-MRW (ECF #1).[3] U.S. District Judge Manuel L. Real was randomly assigned. On May 11, 2018, AMC moved for judgment on the pleadings. (EFC #33). Granting AMC's motion on July 11, 2018, the Court concluded Plaintiff's copyright infringement claim failed, as did her other claims. (ECF #57). Plaintiff appealed. (ECF #59).

On February 21, 2019, the Ninth Circuit unanimously affirmed Judge Real's Order, holding that Plaintiff's claims were properly dismissed. (ECF #64). Circuit Judge Paul J. Watford sat on the panel. Subsequently, the Ninth Circuit denied Plaintiff's Petitions for Rehearing and for Rehearing En Banc. (ECF #103).

---

[3] In deciding whether to dismiss Plaintiff's Complaint, the Court may properly consider public records, including her prior lawsuit and corresponding filings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

1  On November 12, 2019, Plaintiff filed a Petition for a Writ of Certiorari, which the
2  Supreme Court denied.  *Id.*  Plaintiff then filed a Request for Rehearing, which the
3  Supreme Court denied on January 13, 2020.  *Id.*

4  On February 2, 2021, Plaintiff moved to vacate the Court's Order granting AMC's
5  motion for judgment on the pleadings and the Ninth Circuit's Order affirming the same.
6  (ECF #71).  U.S. District Judge Percy Anderson was randomly assigned.  Plaintiff claimed
7  then, as she alleges now, that Judge Real and Judge Watford committed fraud.  *Id.*  Plaintiff
8  also claimed then, as she also alleges now, her suit fell victim to mail-related difficulties,
9  Judge Real's purported conflicts of interest in unrelated cases, and antagonistic
10 interactions with court staff.  *Id.*

11 On March 16, 2021, the Court denied Plaintiff's motion, holding "any appeal from
12 this Order is not taken in good faith under 28 U.S.C. § 1915(a) and is frivolous, without
13 merit and does not present a substantial question within the meaning of 28 U.S.C. §
14 753(f)."  (ECF #103).

15 **B.     Plaintiff's Current Lawsuit.**

16 On November 17, 2021, Plaintiff filed this Complaint.  (ECF #1).  Spanning 300
17 pages and 636 allegations, Plaintiff alleges that the "Good Ole Boys Enterprise"—a
18 conspiracy including Judge Real, Judge Watford, Judge Anderson, Clerk Duggan, and
19 Clerk Smith, among others—orchestrated her previous lawsuit's demise at every level of
20 the federal judiciary. Compl. ¶ 18.  Though now purportedly in furtherance of allegations
21 of a conspiracy, Plaintiff's Complaint is merely a redux of her motion to vacate.  *E.g.*,
22 *compare* (ECF #71, at 13:11-13:24), *with* Compl. ¶¶ 548, 549, 554.  Only now, Plaintiff
23 alleges that Judge Anderson, Chief Judge Gutierrez, and Clerk Smith also coordinated
24 these events.

25 Plaintiff claims the above acts constituted conspiracy under the Racketeer
26 Influenced and Corrupt Organizations Act ("RICO") and asserts two such claims against
27 Judiciary Defendants.  Separately, Plaintiff brings claims founded upon the same conduct
28 against Chief Judge Gutierrez, Judge Anderson, and Clerk Smith under 42 U.S.C. § 1983

2

and for fraudulent deceit and common law fraud, and negligent hiring and supervision against Chief Judge Gutierrez. Ultimately, Plaintiff seeks monetary and injunctive relief.

### III. ARGUMENT

Plaintiff seeks relief from "paradigmatic judicial acts" squarely protected by absolute and quasi-judicial immunity. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984). Ninth Circuit courts regularly find claims founded upon such conduct legally frivolous and dismiss such claims for lack of subject matter jurisdiction. For the same reason, Plaintiff neither states a claim under Rule 12(b)(6) nor does she plead an actionable fraud under Rule 9(b). Rule 8(a) compels dismissal, too, as Plaintiff's Complaint is "so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969) (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)). Accordingly, Plaintiff's action against Judiciary Defendants should be dismissed with prejudice.

### A. ABSOLUTE AND QUASI-JUDICIAL IMMUNITY BARS PLAINTIFF'S COMPLAINT.

Plaintiff's Complaint runs headlong into judicial immunity. *Forrester v. White*, 484 U.S. 219, 227 (1988) (explaining absolute judicial immunity applies to "paradigmatic judicial acts involved in resolving disputes between parties"); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989) (holding that judges have "absolute immunity even when their actions are erroneous, malicious, or in excess of judicial authority"). The same holds true for Plaintiff's attempt to sue two court clerks as "[a]bsolute judicial immunity is not reserved solely for judges, but extends to nonjudicial officers for all claims relating to the exercise of judicial functions." *Curry v. Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.").

Here, Plaintiff's allegations are precisely the conduct protected by absolute and quasi-judicial immunity:

- ***Allegations Against Judge Real***. Plaintiff alleges that Judge Real furthered the purported enterprise by waiving the local rules, Compl. ¶ 165, denying Plaintiff's request for an extension, *id.* ¶ 176, staying discovery, *id.* ¶ 185, and granting AMC's motion for judgment on the pleadings. *Id*. ¶ 186. Plaintiff also alleges for support Judge Real's decisions in unrelated cases. *Id.* ¶¶ 548, 549, 554.

- ***Allegation Against Judge Watford***. Plaintiff alleges that Judge Watford furthered the purported enterprise by, among other things, affirming the district court's order granting AMC's motion for judgment on the pleadings, *id.* ¶ 215, and conspiring with former Supreme Court Justice Ruth Bader Ginsburg to have her cert petition denied. *Id.* ¶ 276.[4]

- ***Allegations Against Judge Anderson***. Plaintiff alleges that Judge Anderson furthered the purported enterprise by, among other things, denying her Motion to Vacate, *id.* ¶ 438, and as with Judge Real, alleges for support Judge Anderson's decisions in unrelated cases. *Id.* ¶¶ 551, 552, 553.

- ***Allegations Against Chief Judge Gutierrez***. Plaintiff alleges that Judge Gutierrez furthered the purported enterprise by, among other things, assigning Judge Anderson to rule on her Motion to Vacate. *Id.* ¶ 597.

- ***Allegations Against Clerk Duggan***. Plaintiff alleges that Clerk Duggan furthered the purported enterprise by, among other things, refusing to file her notice of change of address. *Id.* ¶ 338.

- ***Allegations Against Clerk Smith***. Plaintiff alleges that Clerk Smith furthered the purported enterprise by, among other things, refusing to file in a closed case and misleading her about court proceedings. *Id.* ¶ 582.

---

[4] Plaintiff's allegations regarding a purported consumer dispute involving her former employer and Judge Watford are irrelevant as judicial immunity applies where, as here, the "ultimate acts are judicial actions taken within the court's subject matter jurisdiction." *Davis v. Beko*, No. 92-15483, 1993 U.S. App. LEXIS 5996, at *4-5 (9th Cir. Mar. 19, 1993) (quoting *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986)). At the same time, the Court need not accept such allegations as true as they are "fantastic or delusional," "fanciful," or "irrational or wholly incredible." *Shelton v. Chorley*, 487 F. App'x 388, 389 (9th Cir. 2012).

Fatally, the above allegations mirror instances found squarely within the bounds of absolute and quasi-judicial immunity. *See, e.g.*, *Dydzak v. United States*, No. 17-cv-4360, 2017 U.S. Dist. LEXIS 180458, at *18 (N.D. Cal. Oct. 31, 2017) (finding judicial immunity applied where "[t]he challenged orders–such as orders dismissing Mr. Dydzak's claims, orders denying motions for disqualification, orders denying his appeals, orders transferring his case, etc. –are paradigmatic judicial acts"); *Priestley v. Two Houses*, No. 16-cv-4126, 2017 U.S. Dist. LEXIS 70611, at *4-5 (D. Ariz. May 9, 2017) (finding judicial immunity applied because "the violation Plaintiff alleges against the judge stems from a decision made from the bench, Plaintiff's claim may not stand").

Plaintiff's assertion that the above allegations amount to a conspiracy makes no difference. *McCarthy v. Mayo*, 827 F.2d 1310, 1314-15 (9th Cir. 1987) (holding that allegations of conspiracy do not remove quasi-judicial immunity); *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974) ("To foreclose immunity upon allegations that judicial and prosecutorial decisions were conditioned upon a conspiracy or bribery serves to defeat these policies."); *Khazali v. Berns*, No. 16-cv-1022, 2016 WL 4479915, at *2 (W.D. Wash. Aug. 24, 2016) ("Judicial immunity applies even if there are allegations that a judicial decision resulted from a bribe or a conspiracy.").

Nor is it of any moment that Plaintiff claims her allegations support civil RICO, fraud, or § 1983 liability. Judicial immunity bars those claims, too. *See, e.g.*, *Van Beek v. AG-Credit Bonus Partners*, 316 F. App'x 554, 555 (9th Cir. 2008) (affirming dismissal of RICO claims based on judicial immunity); *Scheidler v. Avery*, No. 12-cv-5996, 2015 WL 7294544, at *11 (W.D. Wash. Nov. 17, 2015) (court clerks entitled to quasi-judicial immunity from claims under § 1983 and RICO); *Dubin v. Real*, 191 F. App'x 528, 530 (9th Cir. 2006) (judicial immunity bars civil claim of fraud); *Gozzi v. County of Monterey*, No. 14-cv-03297, 2014 WL 6988632, at *7 (N.D. Cal. Dec. 10, 2014) ("Moreover, even if the Judicial Defendants had acted corruptly and received bribes, as Plaintiff appears to allege, they would still be immune from Plaintiff's § 1983 claim.").

Judicial immunity also forecloses her attempt to recover damages as well as the

injunctive relief she seeks. *Stafne v. Zilly*, 820 F. App'x 594, 595 (9th Cir. 2020) ("The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief.") (quoting *Mullis*, 828 F.2d at 1394); *Mireles v. Waco*, 502 U.S. 9, 9 (1991) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages.").

At bottom, Plaintiff seeks relief based on textbook judicial acts protected by absolute and quasi-judicial immunity, none of which implicate any exceptions to such immunity. *See Ashelman*, 793 F.2d at 1075 ("A judge lacks immunity where he acts in the clear absence of all jurisdiction, or performs an act that is not judicial in nature."). District Courts within the Ninth Circuit routinely find such claims frivolous. *See, e.g.*, *Wood v. Hixson*, No. 21-cv-8012, 2021 U.S. Dist. LEXIS 240011, at *1 (N.D. Cal. Dec. 15, 2021) ("the lawsuit is frivolous: the judges have judicial immunity, and the plaintiff's recourse is to appeal the prior decision, not collaterally attack it"); *Petre v. Martin*, No. 19-cv-1454, 2019 U.S. Dist. LEXIS 131822, at *6-7 (S.D. Cal. Aug. 6, 2019) ("The Court also finds Plaintiff's claims are legally frivolous because Defendant possesses absolute judicial immunity."); *Hicks v. Kawashima*, No. 16-cv-224, 2016 U.S. Dist. LEXIS 71563, at *6 (D. Haw. June 1, 2016) ("because Judge Kawashima has judicial immunity from suit for Plaintiff's claims, the Complaint is obviously frivolous"); *Koonin v. United States*, No. 13-cv-9069, 2015 U.S. Dist. LEXIS 43513, at *2 (C.D. Cal. Mar. 29, 2015) ("plaintiff's claims are legally frivolous under the judicial immunity doctrine"). As previously noted, Judge Anderson in denying Plaintiff's motion to vacate deemed Plaintiff's assertions frivolous. (ECF #103). That Plaintiff recycles many of those same assertions in her 300-page Complaint makes them no less frivolous.

Ninth Circuit courts repeatedly dismiss frivolous complaints for lack of subject matter jurisdiction. *See, e.g.*, *Decormier v. Nationstar Servicers, LLC*, No. 20-cv-62, 2020 U.S. Dist. LEXIS 188240, at *4 (E.D. Cal. Oct. 9, 2020) (dismissing *sua sponte* the "plaintiff's frivolous complaint for lack of subject matter jurisdiction"); *Sameer v. Khera*,

No. 1:17-cv-1748, 2018 WL 6338729, at *2 (E.D. Cal. Dec. 5, 2018) (dismissing complaint with prejudice for lack of subject matter jurisdiction that "alleges the existence of a vast conspiracy bent on plaintiff's destruction"); *Bikle v. Santos*, No. 13-cv-1662, 2013 WL 12084155, at *4 (C.D. Cal. Dec. 13, 2013) ("Because Plaintiff's Complaint is frivolous and its deficiencies clearly cannot be cured by amendment, the Court hereby ORDERS that the Complaint is dismissed with prejudice.").[5] Plaintiff's Complaint is no exception.

Ninth Circuit courts also consistently deny leave to amend where judicial immunity applies. *Friend v. Bryan*, No. 21-cv-5517, 2021 U.S. Dist. LEXIS 179034, at *4 (W.D. Wash. Aug. 13, 2021) (dismissing without leave to amend on judicial immunity grounds because "any attempt by Plaintiff to amend the proposed complaint would be futile"); *Gefroh v. Crawford*, No. 20-cv-471, 2021 U.S. Dist. LEXIS 60055, at *16 (D. Or. Feb. 8, 2021) ("Because amendment would be futile, Plaintiff's claims against Judge Williams, Judge Donohue, and Trial Court Administrator should be dismissed with prejudice."); *Bikle v. Doe*, No. 13-cv-911, 2013 U.S. Dist. LEXIS 107591, at *12 (C.D. Cal. July 24, 2013) (dismissing claims with prejudice because "Defendants are absolutely immune from damages suits for actions taken within their capacity as judges or court employees, and all of Plaintiff's monetary claims"); *Missud v. S.F. Superior Court*, No. 11-cv-1856, 2012 U.S. Dist. LEXIS 17302, at *7-8 (N.D. Cal. Feb. 13, 2012) ("Because amendment would be futile by virtue of the judicial and Eleventh Amendment immunities applicable to defendants, the dismissal is with prejudice."). The same should occur here.

---

[5] Though Plaintiff is not proceeding in forma pauperis, Ninth Circuit courts dismiss complaints like Plaintiff's under 28 U.S.C. § 1915. *See, e.g., Suess v. Obama*, No. 17-cv-1184, 2017 WL 1371289, at *2 (C.D. Cal. Mar. 10, 2017) (dismissing as frivolous complaint alleging conspiracy among President, CIA, and FBI to torment the plaintiff over six year period); *Frost v. Vasan*, No. 16-cv-5883 NC, 2017 WL 2081094, at *1 (N.D. Cal. May 15, 2017) (dismissing as frivolous claims against a United States Senator, a university, two corporate entities, and additional unspecified defendants for having allegedly conspired with a secret elite group of businessmen and the CIA to torment the plaintiff); *Sierra v. Moon*, No. 11-cv-1214, 2012 WL 423483, at *2 (E.D. Cal. Feb. 8, 2012) (dismissing as frivolous an alleged conspiracy by defendants with the CIA to defraud the plaintiffs' interests and murder him).

Accordingly, because Plaintiff's claims are barred by judicial immunity, Plaintiff's claims against Judiciary Defendants should be dismissed with prejudice as "there is by definition no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000).

### B. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM OR PLEAD AN ACTIONABLE FRAUD UNDER RULE 9(b).

To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and a Complaint must state "enough facts to state a claim to relief that is plausible on its face." *Timmons v. Linvatec Corp.*, 263 F.R.D. 582, 584 (C.D. Cal. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). For the reasons discussed above, Judiciary Defendants are entitled to judicial immunity. Thus, Plaintiff's claims against Judiciary Defendants are also subject to dismissal for failure to state a claim. *See, e.g.*, *Harris v. Wittman*, 590 F.3d 730, 742 (9th Cir. 2009) ("All of the defendants are entitled to derived quasi-judicial immunity; therefore, Harris fails to state a claim upon which relief can be granted"); *Pano v. Cty. of L.A.*, No. 19-cv-10521, 2020 U.S. Dist. LEXIS 247998, at *18 (C.D. Cal. Aug. 19, 2020) (dismissing complaint for failure to state a claim where the court found "quasi-judicial immunity shields the clerk from liability in this action"); *Alfonso v. Lynch*, No. 5-cv-3974, 2006 U.S. Dist. LEXIS 47802, at *6 (D. Ariz. July 7, 2006) ("Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on judicial immunity grounds is appropriate as well").

Relatedly, for the reasons discussed above, none of Plaintiff's allegations can form a basis for fraud against Judiciary Defendants. Thus, Plaintiff has failed to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). *See Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (explaining Rule 9(b) requires fraud allegations to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged").

Accordingly, Plaintiff's Complaint should be dismissed under Rule 12(b)(6) and

1  Rule 9(b).

2  **C.    PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH RULE 8.**

3  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim
4  showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise,
5  and direct." Fed. R. Civ. P. 8(a)(2), (d). Here, Plaintiff's Complaint is 300 pages and 636
6  allegations long. Such a complaint indisputably violates Rule 8. This alone warrants
7  dismissal of Plaintiff's Complaint. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.,*
8  *Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("[W]e have never held—and we know of no
9  authority supporting the proposition—that a pleading may be of unlimited length and
10 opacity. Our cases instruct otherwise."); *Ekpete v. Pelosi*, No. 21-cv-9791, 2022 U.S. Dist.
11 LEXIS 11442, at *12-13 (C.D. Cal. Jan. 14, 2022) ("a court may dismiss the complaint if
12 it violates Rule 8") (citing *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013)).

13 Plaintiff not only alleges many of the same assertions from her motion to vacate,
14 but her Complaint does so repeatedly, making it pointlessly repetitious. The Ninth Circuit
15 repeatedly affirms dismissals of complaints, like Plaintiff's, for violating Rule 8. *See, e.g.*,
16 *McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming Rule 8(a) dismissal
17 of a complaint that was "argumentative, prolix, replete with redundancy, and largely
18 irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming Rule
19 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and
20 conclusory"); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981)
21 (affirming Rule 8(a) dismissal of a "verbose, confusing and conclusory" complaint that
22 was "23 pages long with 24 pages of addenda"); *Schmidt v. Herrmann*, 614 F.2d 1221,
23 1224 (9th Cir. 1980) (affirming Rule 8(a) dismissal of "confusing, distracting, ambiguous,
24 and unintelligible" complaint).

25 Plaintiff's pro se status does not excuse her from compliance with Rule 8. *See, e.g.*,
26 *Struggs v. Pfeiffer*, No. 18-cv-1336, 2019 WL 6211220, at *1-2 (E.D. Cal. Nov. 21, 2019)
27 (invoking Rule 8(a) in dismissing plaintiffs' forty-two page complaint); *Davis v. Brennan*,
28 No. 18-cv-1679, 2019 WL 2932642, at *5 (C.D. Cal. Mar. 20, 2019) (dismissing ninety

page complaint filed by pro se plaintiff); *Shu v. Brennan*, No. 17-cv-5393, 2017 WL 10591600, at *2 (C.D. Cal. Dec. 4, 2017) (dismissing pro se plaintiff's 148 page and 269 paragraph complaint); *Scott v. Beregovskay*, No. 17-cv-1146, 2017 WL 3896366, at *1 (E.D. Cal. Sept. 6, 2017) (dismissing pro se plaintiff's eighty page complaint for lack of short and plain statement of claims); *Peyton v. Vasquez*, No. 6-cv-1758, 2008 WL 4168837, at *1 (E.D. Cal. Sept. 5, 2008) (dismissing pro se plaintiff's "rambling, sixty-five page" complaint under Rule 8(a)).

Accordingly, Plaintiff's Complaint should be dismissed for violating Rule 8.

## IV. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's action against Judiciary Defendants with prejudice.

Dated: February 4, 2022    Respectfully submitted,

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

 /s/ *Zakariya K. Varshovi*
ZAKARIYA K. VARSHOVI
Assistant United States Attorney

Attorneys for *Amicus Curiae*
United States of America