UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09023-RGK | Date | April 22, 2022 |
|---|---|---|---|
| Title | *Christine Sawicky v. Tao Sykes, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| J. Remigio | Not Reported | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) Omnibus Order Re Defendants' Motions to Dismiss [DEs 52, 126, 131, 140, 153, and 160]

## I.  INTRODUCTION

On November 17, 2021, Christine Sawicky ("Plaintiff") filed a Complaint against twenty defendants who allegedly conspired and engaged in "diabolical and illegal racketeering efforts" by using the "Central District of California/Ninth Circuit Court of Appeals/SCOUTUS [sic] judicial system via bribery/kickbacks or extortion." (Compl. ¶ 1, ECF No. 1.) She styles this conspiracy the "Good Ole Boys Enterprise." (*Id.*) The defendants include: (1) several judges and two clerks of the federal judiciary (the "Judicial Defendants")[1]; (2) Megan Brennan and Louis DeJoy, the former and current United States Postmaster Generals (the "Postal Service Defendants"); (3) Joshua Sapan, the former CEO of AMC Networks Inc. ("AMC"), as well as several attorneys[2] who represented AMC in litigation against Plaintiff (the "Prior Litigation Defendants"); and (4) Gabrielle Taylor, a Los Angeles Deputy City Attorney, along with several Los Angeles Police Department ("LAPD") officers[3].

Presently before the Court are six Motions to Dismiss. (ECF Nos. 52, 126, 131, 140, 153, 160.) For the reasons below, the Court **GRANTS** the Motions and **DISMISSES** the Complaint against all Defendants without leave to amend.

---

[1] These defendants are: (1) Tao Sykes, whom Plaintiff is suing as the Hon. Manuel Real's successor-in-interest; (2) the Hon. Percy Anderson; (3) the Hon. Philip Gutierrez; (4) the Hon. Paul Watford; (5) Renico Smith, a court clerk; and (5) Michael Duggan, a court clerk.

[2] Craig Mende, Barbara Solomon, Sean Harb, Kim Ashley, and Kevin Lussier.

[3] Detective Michael Ventura, Captain Arturo Sandoval, Lieutenant Michael Soliman, Lieutenant Richard Parks, and Detective Charles Schlund.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09023-RGK | Date | April 22, 2022 |
|---|---|---|---|
| Title | *Christine Sawicky v. Tao Sykes, et al.* | | |

## II.  FACTUAL BACKGROUND

The following facts are alleged in Plaintiff's 313-page, 636-paragraph Complaint, unless otherwise indicated:

The story of this case begins with a lawsuit that Plaintiff filed in 2018 against AMC, in which she alleged that AMC infringed upon her copyrighted works with its television program "Growing Up Hip Hop." The case was assigned to Judge Manuel Real. At the time, defendant Sapan was AMC's CEO. AMC hired several attorneys to defend itself, including defendants Kim Ashley and Kevin Lussier as local counsel and defendants Barbara Solomon, Craig Mende, and Sean Harb as lead counsel. Early in the litigation, AMC moved for judgment on the pleadings, and Judge Real granted the motion on July 11, 2018. Plaintiff then appealed the judgment to a Ninth Circuit Court of Appeals panel that included defendant Judge Watford, which affirmed Judge Real's ruling on February 21, 2019. Plaintiff petitioned for a rehearing *en banc*, which was denied. Plaintiff then petitioned the Supreme Court for *certoriari*, but the Supreme Court denied her petition on November 12, 2019. Plaintiff alleges that throughout the litigation process, her mailed filings were continually and mysteriously lost or delayed.

While her appeals were pending, Plaintiff began to suspect her lawsuit had made her a target, because she could no longer obtain work and because she was followed and harassed by various bad actors. She alleges incidents such as being "awakened at approximately 3 am one morning to find a red laser coming through her window" and saw "gangsters waiting for her outside of her property." (Comp. ¶ 501.) Plaintiff then left Los Angeles for Minnesota in June 2020, whereupon she found a GPS tracking device in her car. She asked the Wright County Sheriff's Department in Minnesota to investigate, but was told that she should contact police in Southern California, as that was where the GPS device was manufactured.

Plaintiff then contacted LAPD to request a search warrant and sent documents to them as evidence. Defendant Detective Michael Ventura ("Ventura") called Plaintiff to inform her that her information did not provide probable cause for a warrant. When Plaintiff became upset, Ventura referred her to the Los Angeles City Attorney's office and Deputy City Attorney Gabrielle Taylor (another Defendant here). Taylor informed Plaintiff that prosecution was unlikely, and recommended Plaintiff hire a lawyer instead. Plaintiff then talked to Defendant Lieutenant Richard Parks, who detailed the investigation he undertook before telling her there was no probable cause for a search warrant. Plaintiff then contacted LAPD's internal affairs division and discussed her concerns with Defendant Detective Charles Schlund, who (like the others) informed her there was no basis for a search warrant. At that point, Plaintiff informed Schlund that she believed LAPD's refusal to investigate her case gave her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09023-RGK | Date | April 22, 2022 |
|---|---|---|---|
| Title | *Christine Sawicky v. Tao Sykes, et al.* | | |

grounds to "add that information to . . . a RICO lawsuit." (*Id.* ¶ 345.) It appears that Plaintiff ceased her attempts to investigate the GPS tracker in late 2020.

A few months after she last spoke with LAPD, Plaintiff filed a motion to vacate the judgment in her copyright lawsuit with the district court on January 27, 2021. After the passing of Judge Real, the case transferred to Judge Percy Anderson, who denied the motion to vacate and ordered Plaintiff to cease filing documents in the case. This lawsuit followed.

### III.   JUDICIAL STANDARD

#### A.   12(b)(6): Failure to State a Claim

Under Federal Rule of Civil Procedure ("Rule") Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief. If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a 12(b)(6) motion, the court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Col*, 80 F.3d 336, 337–38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

#### B.   12(b)(1): Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir. 1989). A party may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09023-RGK | Date | April 22, 2022 |
|---|---|---|---|
| Title | *Christine Sawicky v. Tao Sykes, et al.* | | |

under Rule 12(b)(1), the plaintiff has the burden of establishing jurisdiction. *Kingman Reef Atoll Invs., L.L.C. v. United States,* 541 F.3d 1189, 1197 (9th Cir. 2008).

**IV. DISCUSSION**

Plaintiff alleges: (1) civil RICO liability; (2) conspiracy to commit RICO violations; (3) fraudulent deceit; (4) common law fraud; (5) and violations of the Bane Act and 42 U.S.C. § 1983. Defendants argue dismissal on various grounds. Those grounds are, *inter alia*:

- The Judicial Defendants are protected by absolute judicial immunity;
- The Postal Service Defendants, sued in their official capacities, are protected by sovereign immunity;
- The Prior Litigation Defendants are protected by the *Noerr-Pennington* doctrine and;
- The Complaint fails to state a claim against the Municipal Defendants.

The Court analyzes each argument in turn.

**A. Judicial Defendants**

Judges and court clerks are given absolute immunity for "judicial acts taken within the jurisdiction of their courts." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *see also Curry v. Castillo,* 297 F.3d 940, 947 (9th Cir. 2002) ("Absolute judicial immunity is not reserved solely for judges, but extends to nonjudicial officers for all claims relating to the exercise of judicial functions."). Because the policy behind judicial immunity is to further independent and disinterested judicial decision-making, the Ninth Circuit construes the scope of the immunity broadly. *Id.* at 1077. Accordingly, judicial immunity applies even in the face of allegations of conspiracy or bribery, because "to foreclose immunity upon [such] allegations . . . serves to defeat these policies." *Id.* at 1078.

Immunity will not apply if a judge acts in "clear absence of all jurisdiction" or "performs an act that is not judicial in nature." *Id.* at 1075. The test for whether an alleged act is judicial in nature is four-fold: "whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with a judge in his or her official capacity." *Id.* at 1075. These factors "are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity." *Id.* at 1076.

Every factual allegation against the Judicial Defendants relates to an act that is judicial in nature. For example, Plaintiff alleges that Judge Real participated in the "Good Ole Boys Enterprise" by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09023-RGK | Date | April 22, 2022 |
|---|---|---|---|
| Title | *Christine Sawicky v. Tao Sykes, et al.* | | |

denying her request for an extension, by granting AMC's motion for judgment on the pleadings, and by staying discovery. (*See* Compl. ¶¶ 176, 185–86.) She alleges that Judge Anderson participated in the conspiracy by denying her motion to vacate. (*Id.* ¶ 438.) She alleges that Judge Gutierrez participated by assigning Judge Anderson to rule on her motion to vacate. (*Id.* ¶ 597.) She alleges that Clerk Renico Smith furthered the conspiracy by refusing to file documents in a closed case. (*Id.* ¶582.) That Plaintiff asserts in conclusory fashion that these actions were in furtherance of a conspiracy or pursuant to bribes from corporations like AMC does not "foreclose immunity." *Ashelman*, 793 F.2d 1078. Accordingly, Plaintiff's claims against the Judicial Defendants are barred due to absolute judicial immunity.

  **B. Postal Service Defendants**

  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suits." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Such a waiver must be unequivocally expressed, and cannot be implied. *United States v. King*, 395 U.S. 1, 4 (1969). Sovereign immunity affects the Court's jurisdiction; if there is no express waiver, the Court lacks subject matter jurisdiction against a federal agency or a federal officer named in their official capacity. *Id.*; *see also Gilbert v. DaGrossa*, 756 F.2d 1455, 1458–9 (9th Cir. 1985) ("Naming the [individual officers] as defendants does not keep this action from being a suit against the United States. It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants.").

  Plaintiff makes no allegations against Brennan and DeJoy as individuals other than to say in conclusory fashion that they were "involved with the Mail Fraud that was occurring" and that they "directed and managed"[4] the Postal Service. (*See* Compl. ¶ 236.) Accordingly, it appears that she is suing these defendants in their official capacity.[5] Because she did not allege an express waiver of sovereign immunity by the United States, her claims against Brennan and DeJoy are barred. Accordingly, the Court does not have subject matter jurisdiction over the claims and dismisses them.

---

[4] The conduct element of a RICO claim can only be satisfied if a plaintiff alleges facts sufficient to show that a defendant exercised a managerial role in the enterprise's affairs. *See Reves v. Ernst & Young*, 507 U.S. 170, 178-79 (1993). Plaintiff's allegation that these defendants "directed and managed" the Postal Service is therefore a conclusory recitation of an element of the claim, rather than a factual allegation that must be taken as true.

[5] Plaintiff argues that because she served Brennan and DeJoy as individuals, they are being sued as individuals. (*See* Pl.'s Opp'n to Brennan Mot. Dismiss at 3–4, ECF No. 141.) But her failure to allege any individual involvement by these Defendants belies the argument, and merely naming Brennan and DeJoy "as defendants does not keep this action from being a suit against the United States." *Gilbert*, 756 F.2d at 1458.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09023-RGK | Date | April 22, 2022 |
|---|---|---|---|
| Title | *Christine Sawicky v. Tao Sykes, et al.* | | |

### C. Prior Litigation Defendants

The *Noerr-Pennington* doctrine protects from liability "those who petition any department of the government for redress." *Sosa v. DirecTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). While the doctrine arose in the context of anti-trust law, the Ninth Circuit has extended its protections to RICO actions. *See Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 643–48 (9th Cir. 2009). The protected activity includes representing a party in a court proceeding and filing papers with a court. *See Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005). "Communication[s] to the court, [including a] complaint, and answer, a counterclaim, and other assorted documents and pleadings, in which plaintiffs or defendants make representation and present argument to support their request that the court do or not do something" are protected, as is "conduct incident to the suit." *Sosa*, 437 F.3d at 933–35.

*Noerr-Pennington* does not, however, extend to "sham litigations." *Id.* at 938. In order to prove that a defendant's actions in a litigation give rise to the "sham litigation" exception, a plaintiff must show either that: (1) "the lawsuit is objectively baseless and the defendant's motive in bringing it was unlawful"; (2) "the conduct involves a series of lawsuits brought pursuant to a policy of starting legal proceedings without regard to the merits and for an unlawful purpose."; or (3) that "the allegedly unlawful conduct consists of making intentional misrepresentations to the court." *Id.* The burden to prove that the sham litigation exception applies is less forgiving than the typical 12(b)(6) standard: the complaint must "contain specific allegations demonstrating that the Noerr-Pennington protections do not apply." *Boone v. Redevelopment Agency*, 841 F.2d 886, 894 (9th Cir. 1988).

Plaintiff's non-conclusory allegations against the Prior Litigation Defendants relate solely to their actions in defending the case she brought against AMC. She alleges that Sapan hired unfairly high-powered lawyers to defend the case, and that the lawyers themselves were improvident in how they defended the case. Because litigation activity of this type is protected on its face by *Noerr-Pennington*, the burden is on Plaintiff to show that the Defendants' activities rise to the level of "sham litigation." She is unable to do so.

At the outset, the first two sham litigation exceptions clearly do not apply here. All of the alleged misconduct occurred as a result of the Prior Litigation Defendants defending one case, so they brought neither an "objectively baseless" lawsuit or a "series of lawsuits . . . for an unlawful purpose." *Sosa*, 437 F.3d at 938. And Plaintiff has also failed to show that the third exception—intentional misrepresentations to the court—applies here. She cannot credibly allege that the Litigation Defendants made intentional factual misrepresentations to the court, as the underlying case was resolved on the pleadings, meaning that all of her factual allegations were taken as true. And Plaintiff's allegations that the Litigation Defendants misrepresented the law are not "actionable as fraud . . . because statements of the law are considered merely opinions." *Sosa*, 437 F.3d at 941.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09023-RGK | Date | April 22, 2022 |
|---|---|---|---|
| Title | *Christine Sawicky v. Tao Sykes, et al.* | | |

Because Plaintiff has not carried her burden to show that any of the sham litigation exceptions apply to her claims, the Prior Litigation Defendants are protected by the *Noerr-Pennington* doctrine and must be dismissed.

**D.    Municipal Defendants[6]**

Plaintiff alleges RICO and conspiracy to commit RICO against the Municipal Defendants, as well as fraudulent deceit, common law fraud, violations of the Bane Act, and violations of § 1983. The Court examines each in turn to determine whether she has stated a claim.

    1.    *RICO*

In order to successfully allege a RICO claim, a plaintiff must allege facts sufficient to show: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996).

Plaintiff does not plead facts sufficient to establish her RICO claims against the police defendants. The Court has serious doubts that any of the five elements are satisfied, but for the purposes of this order, the Court focuses on the lack of an alleged injury caused by these defendants. Plaintiff buries her alleged injury amidst the rest her RICO allegations: "[d]ue to Defendants' RICO violations she has had loss of employment and loss of employment opportunities . . . [o]nce SAWICKY filed suit nobody would work with her anymore." (Compl. ¶ 569.) Sawicky filed her lawsuit against AMC in 2018. But Plaintiff's allegations against the Municipal Defendants arise from activity in 2020, when she first sought investigation of the GPS tracker placed on her car. There is no explanation as to how the Municipal Defendants' alleged failure to investigate her accusations, two years after she alleges "nobody would work with her anymore," resulted in her continued lack of employment.

---

[6] Although four of the Municipal Defendants—Sandoval, Parks, Soliman, and Ventura—have filed Answers, a Rule 12(c) motion for judgment on the pleadings is assessed under the same standard as a Rule 12(b)(6) motion. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). And while those defendants have not filed a motion to dismiss, a federal court may dismiss a claim *sua sponte* when it is clear that the plaintiff cannot state a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09023-RGK | Date | April 22, 2022 |
|---|---|---|---|
| Title | *Christine Sawicky v. Tao Sykes, et al.* | | |

Because Plaintiff fails to allege (at least) one of the required elements of a RICO claim, her RICO claims are subject to dismissal against these Defendants.

    2.    *Fraudulent Deceit and Common Law Fraud*

Fraudulent deceit and common law fraud share the same elements, which are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996). Plaintiff's fraud claims fail for the same reason her RICO claims do—she has failed to allege any harm that resulted from the Municipal Defendants' actions. There is no indication in the Complaint that the failure to further investigate the placement of a GPS tracker on Plaintiff's car resulted in her inability to be employed in the entertainment industry. Accordingly, her fraudulent deceit claim fails.

    3.    *Bane Act*

The Bane Act, Cal. Civ. Code § 52.1, requires a plaintiff to show that: (1) a defendant interfered by threat, intimidation, or coercion; (2) with the exercise or enjoyment by any individual of rights secured by federal or state law. *See King v. State of Cal.*, 242 Cal. App. 4th 265, 294 (2015). Plaintiff's own allegations demonstrate that she cannot satisfy the first element, as she does not claim that any Municipal Defendant threatened, intimidated, or coerced her. Rather, she states that they failed to "protect her from threats, intimidation, and harassment by utilizing selective enforcement and not allowing her to find out who was tracking her via a GPS." (Compl. ¶ 614.) Because it was not the Municipal Defendants themselves who allegedly intimidated or harassed Plaintiff, Plaintiff has no Bane Act claim against them.

    4.    *42 U.S.C. § 1983*

To allege a violation of § 1983, a plaintiff must show that a defendant's actions occurred "under color of state law" and that the action resulted in a deprivation of a constitutional or federal statutory right. *See Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff does not identify which constitutional or federal statutory rights were deprived by the Municipal Defendants, and her factual allegations indicate that, at bottom, these Defendants were merely doing their jobs. At every step of Plaintiff's odyssey, various Municipal Defendants explained to her why they did not believe there was a legal basis to obtain a search warrant, and they did so extensively. (*See, e.g.*, Compl. ¶¶ 345–51.) Defendant Parks, for example, wrote a long email noting that he investigated Plaintiff's case even though he "initially did not see how the Los Angeles Police Department would be able to open an investigation on your behalf . . . [but] I at least wanted to take another look at it with my fresh eyes." (*Id.* ¶ 341.) After he describes a thorough investigation and discussions with his supervisors, he tells Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09023-RGK | Date | April 22, 2022 |
|---|---|---|---|
| Title | *Christine Sawicky v. Tao Sykes, et al.* | | |

that he has "not found anyone, who believes it is a case that our Department should investigate." (*Id.*) That Plaintiff was not satisfied with these answers does not mean that the Municipal Defendants violated her constitutional rights. Plaintiff's § 1983 claim fails.

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss. Because Plaintiff "is not requesting an amendment to her RICO Complaint," (Pl.'s Opp'n to Sapan Mot. Dismiss at 24, ECF No. 163), and amendment would fail to rectify the deficiencies identified above, the dismissal is without leave to amend.[7]

The Scheduling Conference set for April 25, 2022 is vacated and taken off calendar.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre/abp |

---

[7] The Court also notes that Plaintiff's Complaint is subject to dismissal due to its violation of Federal Rule of Civil Procedure ("Rule") 8, which requires that the Complaint be a short and plain statement of the case. Plaintiff's response to Defendants' Rule 8 arguments is that she did, in fact, include an introductory paragraph that summarized her case. (*See, e.g.*, Pl.'s Opp'n to Brennan Mot. Dismiss at 10 ("[T]he short and plain statement does exist on p. 2 [of 313].")) But Rule 8 mandates that "*each averment* of a pleading" must be "simple, concise, and direct." *McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir. 1996). Plaintiff's introductory "short and plain statement" is followed by an additional 311 pages and 635 paragraphs. Many of those paragraphs are broken into myriad subparts and span more than fifteen pages. (*See, e.g.*, Compl. ¶¶ 67a-ooo, pp. 177–195.) In short, Plaintiff's allegations are nowhere near simple, concise, or direct.

Plaintiff also makes much of the fact that one opposing counsel stated that her Complaint "tell[s] a story." (*See, e.g.*, Pl.'s Opp'n to Solomon Mot. Dismiss at 19, ECF No. 120.) So do novels. Nonetheless, the Federal Rules do not allow for a Plaintiff to file a pleading of "unlimited length," no matter the "story" they tell. *Cafasso, U.S, ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). "Our district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations." *Id.* It indicates bad faith for a litigant to "burden her adversary [and the Court] with the onerous task of combing through a [313]-page pleading." *Id.*