FILED

2022 SEP 12 PM 3: 19

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY___TV___

1. Christine Sawicky
2. 11698 Knowles Ave NW
3. Annandale, MN 55302
4. 818.288.3693
5. christinesawickyartist@gmail.com
6. Plaintiff in *Pro Per*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CHRISTINE SAWICKY, | Case No.: 2:21-cv-09023-RGK |
| Plaintiff, | Appellate Case No.: 22-55496 |
| vs. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RULE 60 (b)(4) MOTION** |
| TAO SYKES (MANUEL REAL BENEFICIARY), PERCY ANDERSON, PHILIP S. GUTIERREZ, RENICO SMITH, PAUL WATFORD, MICHAEL DUGGAN, CRAIG MENDE, BARBARA SOLOMON, SEAN F. HARB, KEVIN LUSSIER, KIM D. ASHLEY, JOSH SAPAN, DETECTIVE MICHAEL VENTURA, CAPTAIN ARTURO SANDOVAL, LIEUTENANT MICHAEL SOLIMAN, LIEUTENANT RICHARD PARKS, DETECTIVE | Judge: Hon. R Gary Klausner<br>Trial Date: Not Set<br>Time: Not Set<br>Courtroom: 850 8th Floor<br>Hearing Date: October 24th, 2022<br>Hearing Time: 9:00 AM |

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RULE 60 (b)(4) MOTION

CHARLES SCHLUND, MEGAN J. BRENNAN, LOUIS DEJOY, GABRIELLE TAYLOR , DOES 1-10, inclusive,

        Defendant.

## I. INTRODUCTION

This Rule 60(b)(4) Motion is brought before this Court because the Dkt entry #181 Order is **void**. An Order is void "only if the Court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner in a manner inconsistent with due process of law." *In re Four Seasons Sec. Laws. Litig.*, 502 F.2d 834, 842 (10th Cir.1974).) In *Christine Sawicky v. Tao Sykes et al* SAWICKY's constitutional right for due process was denied. The Dist. Court must provide a hearing before an **impartial** judicial officer, Plaintiff has the right to present evidence and argument orally, or a decision limited to the record thus made and explained in an opinion.

## II.ARGUMENT

In *Christine Sawicky v. Tao Sykes et al* the Courts admittedly didn't even read the Compl. because they were "too busy." (see Dkt #181 "Our district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations."). The Dist. Court is not the SCOTUS and does not have the option whether they want to hear a case or not. When 3 judges recused themselves the case was "supposedly" reassigned to R Gary Klausner. The Order nor the docket shows any indication that he was even part of this case. SAWICKY not only didn't have an impartial judge but it appears she didn't even have one at all. The Order was not signed by the judge (see Dkt #181) and it appears to be written by opposing counsel /the United States Attys office and signed by only the clerk. Just because other judges recused themselves

2

because they didn't want to be the one to apply the correct laws to an obvious RICO enterprise (which of whom they knew the Defendants) does not mean that SAWICKY doesn't get a judge to overlook the case. The Deputy clerk, Joseph Remigio, was given the job to communicate to Plaintiff that the Motions to dismiss Plaintiff's case were taken under submission via email on 3/30/2022 even though a judge had not ordered that. (see Exhibit A.) This submission of motions was not done to allow the Courts to further research the laws/case law in this case like submission is designed to do. (see Dkt # 178) It was used as a tool to buy time to figure out an unconscionable scheme to dismiss Plaintiff's case. SAWICKY was denied equal protection under the laws as the Courts further cemented a non-impartial judge by applying *Ashelman v. Pope* claiming that bribery of judges is acceptable and protected by judicial immunity along with predetermined outcomes of trials. That is not an impartial judicial officer. With all the appended exhibits and facts laid out before the Dist. Court the hearing was still taken off the calendar. Plaintiff was denied the ability to argue orally and then the opinion (limited to the record) came out with no explanation about dismissing the case in reference to the bribery allegations and hid behind fictitious unconstitutional case law (*Ashelman v. Pope)* to apply judicial immunity. Also, Sovereign Immunity was applied to the Postmasters even though they were not sued in their official capacity. No explanation in the Order was given to the enormous investigation containing 17 service requests with Consumer Affairs in DC/exhibits displaying mail tampering. No explanation was given to why Josh SAPAN was dismissed from the case in reference to the bribery allegations levied against him. The Municipal Defendants were only dismissed because over 200 exhibits debunking the Order (procured through fraud )was not docketed until after the case was terminated. (Dkt #186) (no matter how diligently SAWICKY was in asking the Courts to properly docket her pleadings/appendixes they still did not docket over 200 damaging exhibits. The negligent hiring and supervision claim levied against GUTIERREZ was never

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RULE 60 (b)(4) MOTION

addressed in the Order. Controlling case law *United States v. Frega* was never addressed in the opinion. The financial racketeering pattern of judges owning stock in cases they resided over was never addressed in the Order. The appendix (Dkt #186) was not even docketed until after the case was dismissed on 4/22/2022 even though it was timely filed on 3/9/2022. That non-docketing of that appendix allowed the Order (procured through fraud) to look legit. That is the opposite of impartiality. The list literally goes on.

### III. CONCLUSION

No matter what way you look at this case due process was denied to Plaintiff forcing plaintiff to have to file a Rule 60(b)(4) Motion to vacate the Order. There was not an impartial judge and there was not an explanation for many issues in the Order. This was not a case. This was SAWICKY submitting document after document in a timely fashion only to be told that the Courts are "too busy" to read it. According to Rule 60 (b)(4) Dky entry #181 Order should be considered void and vacated. SAWICKY prays for relief. This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 1st, 2022 @ 9:00 am PST.

For the reasons stated above, this Court should VACATE the Dkt entry #181 ORDER dismissing the RICO Compl. in its entirety.

DATED: August 16th, 2022

CHRISTINE SAWICKY
Plaintiff in *Pro Per*

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RULE 60 (b)(4) MOTION